UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOEL TODD MARCUM, ET AL                                                                   Plaintiffs

v.                                                                            Civil Action No. 3:21-cv-289-RGJ

PNC BANK, NATIONAL ASSOCIAITION,                                                          Defendants
ET AL

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants PNC Bank, National Association ("PNC") and C. Robert Marcum ("Marcum") (collectively, "Defendants") each move to dismiss Plaintiffs' Joel Todd Marcum's, Carla M. Deddens', and Sandra M. Smithers' ("Plaintiffs") claims against it. [DE 7; DE 8]. These matters are ripe. [DE 12; DE 13; DE 14; DE 15]. For the reasons below, PNC's Motion to Dismiss [DE 7] is **GRANTED in part** and **DENIED in part**, and Marcum's Motion to Dismiss [DE 8] is **DENIED**.

### I.     BACKGROUND[1]

Plaintiffs and Defendant Marcum are siblings ("Siblings"), and the children of Charles Marcum ("Charles") and Bonnie Marcum ("Bonnie"). [DE 1-1 at 445]. In September 1968, Charles established a trust agreement designating himself as settlor and the Kentucky Trust Company of Louisville Kentucky (PNC's predecessor) as trustee.[2] [*Id.* at 445-46]. Upon Charles' death, the assets of the trust were to be divided into a marital trust and a residuary trust. [*Id.* at 446]. The marital trust was for Bonnie's benefit. [*Id.*]. The residuary trust was to benefit the Siblings and Bonnie. [*Id.*]. When Charles died, the main asset of the trust was a commercial

---

[1] The following background is taken from the Complaint.
[2] For simplicity, the Court will refer to PNC and all of its predecessors as "PNC."

1

property, and PNC was the landlord. [*Id.* at 446-47]. The commercial property had industrial buildings on it that Charles and Bonnie ran a family business ("TopWorx") out of. [*Id.* at 446]. They leased the buildings for TopWorx from the trust at below-market rent with PNC, the trustee, as landlord. [*Id.* at 446-47]. Charles was president of TopWorx until he died, and Defendant Marcum became president of TopWorx. [*Id.*]. Around this same time, Marcum also took over Bonnie's ownership of TopWorx. [*Id.* at 448].

Marcum later sold TopWorx to Emerson Process Management ("Emerson") [*Id.* at 449]. Emerson entered a sales contract with Marcum agreeing to pay below-market rent and continues to do so. [*Id.* at 449-54]. In November 2018, PNC proposed terminating the trust. [*Id.* at 452].

Plaintiffs bring two counts against PNC, breach of fiduciary duty and breach of contract. [*Id.* at 454-460]. Against Marcum, Plaintiffs bring one count, aiding and abetting breach of fiduciary duty. [*Id.* at 458-59].

Defendants removed the case to this Court under diversity jurisdiction. [DE 1]. Defendants each move to dismiss. [DE 7; DE 8]. Plaintiffs responded to these motions [DE 12; DE 13]. Marcum and PNC replied. [DE 14; DE 15].

## II.     STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court

need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64). Discussing the plausibility requirement in the context of claim of discrimination, the Sixth Circuit noted:

> [T]he Supreme Court established a "plausibility" standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims . . . .[t]hus, although the Amended Complaint need not present "detailed factual allegations," it must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, 679, 129 S. Ct. 1937, that [the defendant] "discriminate[d] against [the plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin.". . . According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal,* 556 U.S. at 678, 129 S. Ct. 1937. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

*Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (some internal citations omitted).

Dismissal of a claim under Rule 12(b)(6) on grounds that it is barred by a limitations period is warranted only if "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (emphasis added). "[T]he complaint must be liberally construed in determining whether the complaint is time-barred." *Id.* In other words, it must be "apparent from the face of the complaint that the limit for bringing the claim[s] has passed." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (alteration in original) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)).

### III. DISCUSSION

#### A. PNC's Motion to Dismiss [DE 7].

PNC moves to dismiss the claims against it for breach of fiduciary duty because Plaintiffs failed to bring the claim of fiduciary duty within the statutory limitation and for breach of contract because the only remedy at state law for breach of trustee duties is damages for breach of fiduciary duty. [DE 7 at 655-57].

##### i. Breach of Fiduciary Duty

In its motion to dismiss, PNC argues that Plaintiffs' claim of breach of fiduciary duty should be dismissed because it is time-barred under the one-year statute of limitations in KRS 386B.10-050. [DE 7 at 655]. Plaintiffs argue that the one-year statute of limitations is inapplicable because PNC failed to meet the requirements of that statute and because the discovery rule applies. [DE 12 at 1057-66].

At the motion to dismiss stage, a claim is only dismissed based on statute of limitations if "the allegations in the complaint affirmatively show that the claim is time-barred." *G.G. Marck & Assocs., Inc. v. Peng*, 762 F. App'x 303, 307 (6th Cir. 2019) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).

4

Under Kentucky Law, claims for breach of fiduciary duty must be brought within five years under KRS 413.120(6). *Middleton v. Sampey*, 522 S.W.3d 875, 878 (Ky. App. 2017) ("a five-year limitations period, found in KRS 413.120(6), applies to an action for breach of fiduciary duty"). The court in *Middleton* explained why the limitations period is five years under KRS 413.120(6), rather than one year under KRS 386B.10-050:

> As to the statute of limitations applicable to [Plaintiffs'] breach of trust claim against [Defendants], we must address the Kentucky Uniform Trust Code, KRS Chapter 386B, which was enacted July 15, 2014. Prior to July 2014, KRS 413.120 applied to a breach of trust claim, requiring "[a]n action for an injury by a trustee to the rights of a beneficiary of a trust" to be brought within five years. Pursuant to the plain language of KRS 386B.11-040(2), the previous limitations period of KRS 413.120 continues to apply[.]

*Middleton*, 522 S.W.3d at 878.[3] Therefore, KRS 413.120(6) applies to Plaintiffs' breach of fiduciary duty claim, and their suit must have been brought within five years of their injury.

PNC argues that Plaintiffs' claim accrued in November 2018, when PNC proposed terminating the trust. [DE 7 at 671]. Plaintiffs filed their lawsuit in April 2021, which is within five years of November 2018. [DE 1]. The allegations on the face of the complaint therefore do not show that Plaintiffs' claim is barred by the applicable statute of limitations. *G.G. Marck and Associates, Inc.*, 762 F. App'x at 307.[4]

    ii.    Breach of Contract

PNC argues that Plaintiffs' claim of breach of contract is barred because Plaintiffs' only allegations are breach of trustee duties, and the only remedy for such under Kentucky law is breach

---

[3] KRS 386B.11-040(2) states, "If a right is acquired, extinguished, or barred upon the expiration of a prescribed period that has commenced to run under any other statute before July 15, 2014, that statute continues to apply to the right even if it has been repealed or superseded."

[4] Plaintiffs also argue that the discovery rule applies to their claims. Because the Court finds their claim not barred by the statute of limitations, the Court does not consider Plaintiffs' discovery rule argument.

5

of fiduciary duty. [DE 7 at 671-73]. Plaintiffs argue that breach of contract is a valid claim against a trustee. [DE 12 at 1066-70].

PNC argues that Plaintiffs cannot maintain a breach of contract claim against it because Kentucky law does not allow for recovery under contract law against a trustee. PNC cites an unpublished Kentucky Appellate Court's statement, that "as a matter of general principle a beneficiary may not maintain a breach of contract action against a trustee." *Vander Boegh v. Bank of Oklahoma*, N.A., No. 2016-CA-001307-MR, 2019 WL 1495712, at *5 (Ky. App. Apr. 5, 2019) (citing *Jacob v. Davis*, 128 Md. App. 433 (1999)).[5] PNC also cites the Kentucky Uniform Trust Code, which provides that "[a] violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." KRS 386B.10-010(1). Plaintiffs argue that the *Vander Boegh* decision should not apply because it has no binding precedential value and contradicts itself. [DE 12 at 1067-68]. They also argue that their breach of contract claim is one in the alternative and that a breach of trust may not be the exclusive remedy under the Kentucky Uniform Trust Code because KRS § 386B.10-010(2) lists available remedies, including "other appropriate relief," which Plaintiffs argue may include contractual damages. [DE 12 at 1067-68].

The court in *Vander Boegh* explained that a breach of contract action may not be maintained against a trustee because "[c]laims for breach of contract are actions at law, but a beneficiary's rights against a trustee are purely equitable." *Vander Boegh*, 2019 WL 1495712, at *5 (internal citations omitted). This mirrors the Kentucky Supreme Court's reasoning in an earlier case discussing statutes of limitations:

> Certainly an express trust was created by contract, but we believe in this case the proper cause of action for breach of a fiduciary duty is controlling as an equitable rather than a technically legal action. Cf. Restatement (Second) of Trusts, Sec. 199

---

[5] While this is an unpublished opinion, CR 76.28(4)(c) permits citation to unpublished opinions "if there is no published opinion that would adequately address the issue before the court." This is one such situation.

> (1959). Here, the duties of the trustee are not based on contract, but rather on the effect of the trust conveyance.

*First Kentucky Tr. Co. v. Christian*, 849 S.W.2d 534, 538 (Ky. 1993). Plaintiffs' breach of contract claim against PNC are based on the "1968 Trust Agreement" and "other Letters of Understanding or similar contractual documents." [DE 1-1 at 460]. Plaintiffs allege that based on those documents, PNC "had a contractual relationship to serve as Trustee for the trust set up by [Charles] in 1968," and that "PNC was contractually obligated to manage the Trusts' property and assets with reasonable care and skill, acting as a prudent investor would, and conforming to the duties of loyalty and impartiality." [*Id.*]. Plaintiffs also allege "[b]y failing to manage the assets of the Trusts with reasonable care, as a prudent investor would, and with impartiality, PNC breached its contractual duties as Trustee" and that this breach has "directly damaged the Plaintiffs, as beneficiaries." [*Id.*]. All of the contractual duties alleged by Plaintiffs are those that PNC would perform as trustee. *Vander Boegh*, 2019 WL 1495712, at *5. The claim stems from acts or commissions which occurred after PNC became trustee. *Id.* All of the obligations Plaintiffs allege PNC agreed to undertake involved how PNC would perform as a trustee. *Id.* Plaintiffs' breach of contract claim against PNC is therefore based on the fiduciary relationship, and they cannot maintain a breach of contract action against PNC as trustee. *Id.* Therefore, the breach of contract claim is dismissed.

For these reasons, the Court **GRANTS in part** and **DENIES in part** PNC's motion to dismiss [DE 7].

### B. Marcum's Motion to Dismiss [DE 8].

Marcum argues that Plaintiffs' aiding and abetting breach of fiduciary duty claim fails because they do not sufficiently allege the required elements and because they failed to bring their claim within the five-year statute of limitations. [DE 8-1 at 1042-44].

7

> *i. Aiding and abetting statute of limitations*

Marcum argues that Plaintiffs' claim against him is barred because Plaintiffs failed "to take issue with [Marcum's] actions in the December 2018 correspondence objecting to the termination of the Trust" so "Plaintiffs waived future claims against" Marcum. [*Id.* at 1044-45]. Marcum further argues that his most recent involvement alleged by Plaintiffs was in 2008, when Marcum sold TopWorx to Emerson. [*Id.* at 1045]. Plaintiffs respond that they did not discover Marcum's actions until April 2016, when the Siblings' mother died, because the close relationship between the parties concealed his actions. [DE 13 at 1129-30].

In Kentucky, the statute of limitations for aiding and abetting breach of fiduciary duty is five years under KRS 413.120(6). *Middleton*, 522 S.W.3d at 878; *Osborn v. Griffin*, 865 F.3d 417, 440 (6th Cir. 2017). The court in *Osborn* also found that Kentucky's equitable tolling statute was appliable to aiding and abetting breach of fiduciary duty when a confidential relationship was involved. *Osborn*, 865 F.3d at 437 (applying Kentucky law). In that case, the statute was tolled until "Plaintiffs actually learned about Defendants' wrongful conduct." *Id.* The case cited the abuse of a "confidential relationship" between the parties: siblings concealing their wrongful conduct. *Id.* (citing *Hernandez v. Daniel*, 471 S.W.2d 25, 26 (Ky. 1971) and *Sec. Tr. Co. v. Wilson*, 307 Ky. 152 (1948) (familial relationship between uncle and niece warranted tolling). This case resembles *Security Trust* and *Osborn*. Plaintiffs and Marcum are siblings — a "close family relationship that would have made it difficult for Plaintiffs to question their brother['s] integrity or demand a detailed account of the brother['s] business activities." *Osborn*, 865 F.3d at 437. Plaintiffs have alleged that Marcum aided and abetted breach of fiduciary duty by (among other things) transferring Bonnie's interest in TopWorx to himself and then in the sale of TopWorx. [DE 1-1 at 447-48]. Plaintiffs also allege that Marcum abused his confidential relationship with

them by concealing these actions, thus preventing Plaintiffs from discovering their cause of action until after Bonnie died in April 2016. [*Id.* at 450; DE 13 at 1130]. These are sufficient factual allegations to plausibly suggest that Marcum abused the confidential relationship between the Siblings and concealed the cause of action from the Plaintiffs until the time of Bonnie's death. The allegations therefore do not show that the claim is time-barred. *G.G. Marck and Associates, Inc.*, 762 F. App'x at 307.

### ii. Aiding and abetting merits

Marcum argues that Plaintiffs' complaint fails to sufficiently allege all the elements of aiding and abetting a breach of fiduciary duty, specifically substantial assistance or encouragement and knowledge that Marcum knew of PNC's conduct breaching its fiduciary duty. [DE 8-1 at 1042]. Plaintiffs respond by arguing that Marcum "has mis-read most of the paragraphs in the Complaint" and citing several paragraphs. [DE 13 at 1122-28].

"To prevail on a claim of aiding and abetting a breach of fiduciary duty, a plaintiff must prove the following elements: (1) the existence and breach of a fiduciary relationship; (2) the defendant gave the breaching party substantial assistance or encouragement in effectuating the breach; and (3) the defendant knew that the party's conduct breached that fiduciary duty." *Insight Kentucky Partners II, L.P. v. Preferred Auto. Servs., Inc.*, 514 S.W.3d 537, 546 (Ky. App. 2016) (internal citations and quotation marks omitted). Marcum does not argue the first element, the existence and breach of a fiduciary relationship, so the Court does not consider it here. Substantial assistance "means that a defendant's conduct was a substantial factor in causing the tort." *Id.* at 547 (defining substantial assistance in the context of aiding and abetting a breach of fiduciary duty). Although "actual knowledge" is required, "the requisite intent and knowledge may be

9

shown by circumstantial evidence." *Aetna Cas. & Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 535–36 (6th Cir. 2000) (internal quotation marks omitted).

Plaintiffs allege that Marcum gave PNC substantial assistance or encouragement when "PNC effectively turned over to Rob many of the duties it assumed when it agreed to serve as Trustee, as it allowed him to say how the Property should be leased, to whom, and at what rates." [DE 1-1 at 458-59]. They also allege that

> [w]ithout [Marcum's] advice and encouragement, PNC would not have been able to so shirk its duties as Trustee. Of necessity, PNC would have had to pay more attention to the trust's assets and how they were being handled, had not Rob effectively taken over and "managed" the property for his own benefit and to the detriment of the other beneficiaries.

[*Id.* at 459]. These allegations of Marcum's conduct allow the Court to conclude that Marcum plausibly gave PNC substantial assistance in breaching its fiduciary duty. Plaintiffs also argue that Marcum had knowledge that PNC breached its fiduciary duty:

> [Marcum] knew that as Trustee, PNC was obligated to oversee the trusts' assets and to act reasonably, as a prudent investor would, in managing the property. He also knew that by favoring [Marcum's] interests over those of the other beneficiaries, PNC was breaching those duties, and he knowingly assisted, encouraged, and promoted those efforts.

[*Id.*]. These factual allegations are also sufficient for the court to infer that Marcum had knowledge that PNC breached its fiduciary duty and is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

For these reasons, the Court **DENIES** Marcum's Motion to Dismiss [DE 8].

10

## IV. CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) PNC's Motion to Dismiss [DE 7] is **GRANTED in part** and **DENIED in part,** as set forth above;

(2) Marcum's Motion to Dismiss [DE 8] is **DENIED.**

Rebecca Grady Jennings, District Judge
United States District Court

March 18, 2022

Cc: Counsel of record

11