UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOEL TODD MARCUM, ET AL          Plaintiffs

v.          Civil Action No. 3:21-cv-289-RGJ

PNC BANK, NATIONAL ASSOCIAITION,          Defendants
ET AL

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant PNC Bank, National Association ("PNC") moves for partial reconsideration of the Court's order [DE 16] on motion to dismiss. [DE 21]. Plaintiffs' Joel Todd Marcum, Carla M. Deddens, and Sandra M. Smithers ("Plaintiffs") responded [DE 24], and PNC replied. [DE 25]. This matter is ripe. For the reasons below, PNC's Motion to Reconsider [DE 21] is **DENIED**, the court **AMENDS** Section III.i of its prior ruling on PNC's motion to dismiss [DE 16 at 1160] in accordance with this Order, and PNC's motion for Oral Argument is **DENIED**.

### I. BACKGROUND

The background previously set forth in the Court's order denying the motion to dismiss [DE 16] is incorporated here by reference.

### II. STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). Although the Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

1

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

### III. DISCUSSION

PNC moves for partial reconsideration of the Court's order on its motion to dismiss. [DE 21]. PNC does not argue that there is new evidence, an intervening change in controlling law, or

manifest injustice, but that there is clear error in the Court's Order, in that the Court applied the wrong one-year statute of limitations to the breach of fiduciary duty claim and failed to consider an attachment. [DE 21 at 1193-97]. In its earlier Order, the Court applied a five-year statute of limitations to the breach of fiduciary duty claim. [DE 16 at 1160]. PNC argues that the Court should have applied a one-year statute of limitations, as found at KRS 386B.10-050(2). While the Court did not explicitly address this argument, it implicitly rejected it by denying the motion to dismiss. *See Kirsch v. Canon USA, Inc.*, No. 00-72775, 2009 WL 10695986, at *2 (E.D. Mich. Sept. 30, 2009) ("Although a district court did not specifically address all of the arguments raised by a party, there is no palpable defect if the district court's order implicitly rejects such arguments." (citing *Savage v. United States*, 102 Fed.Appx.20, 23, Case Nos. 03-1443, 03-1639 (6th Cir. Apr. 30, 2004) (unpublished)). Additionally, contrary to PNC's assertion, the Court inherently considered the November 2018 correspondence, and will consider it in this Order. [*See* DE 16 at 1160 ("PNC argues that Plaintiffs' claim accrued in November 2018, when PNC proposed terminating the trust. . . . Plaintiffs filed their lawsuit. . . within five years of November 2018.")]; *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment.). The Court now amends its prior order to clarify its reasoning.

There are two different statutes that potentially apply to the breach of fiduciary claim against PNC. The Kentucky Supreme Court discussed these statutes in *Middleton v. Sampey*, 522 S.W.3d 875, 878 (Ky. App. 2017). As set forth in *Middleton*, the Kentucky Legislature adopted the Uniform Trust Code in 2014 which included the enactment of two different statute of

limitations (one year and five years) for breach of fiduciary duty claims against a trustee under KRS 386B.10-050:

> (1) For the purposes of this section, a "report" is an account statement or other form of written disclosure made by the trustee to the beneficiary.
> (2) A beneficiary may not commence a proceeding against a trustee for breach of trust more than one (1) year after the date the beneficiary or a representative of the beneficiary was sent a report that adequately disclosed the existence of a potential claim for breach of trust and informed the beneficiary of the time allowed for commencing a proceeding.
> (3) A report adequately discloses the existence of a potential claim for breach of trust if it provides sufficient information so that the beneficiary or representative knows of the potential claim or should have inquired into its existence.
> (4) If subsection (2) of this section does not apply, a judicial proceeding by a beneficiary against a trustee for breach of trust shall be commenced within five (5) years of discovery of an injury by a trustee to the rights of the beneficiary.

*Id*. But the legislature also passed KRS 386B.11-040(2) which made KRS 386B.10-050 inapplicable to claims that existed before its enactment in 2014. *Middleton*, 522 S.W.3d at 878. As held in *Middleton*, claims arising before July 2014 are still governed by the five-year statute of limitations under KRS § 413.120(6).

Thus, the statute of limitations in KRS 386B.10-050 applies to breach of fiduciary duty claims arising after July 2014, and does not apply to claims before July 2014, according to the reasoning in *Middleton*, 522 S.W.3d at 878.

As pled in the Complaint, Plaintiffs' claim for breach of fiduciary duty included actions over the years PNC (and its predecessors) acted as trustee. [*See* DE 1-1]. The claim includes many years both before and after July 2014, including November 2018 when PNC sent correspondence to Plaintiffs proposing terminating the trust. [*See id.*]. November 2018 is the date PNC argues Plaintiffs' breach of fiduciary duty claim accrued. [DE 7 at 661; DE 25 at 1210].

Whether the five-year statute of limitations under KRS § 413.120(6) applies to Plaintiffs' or the one and five-year statute of limitations in KRS 386B.10-050 apply to Plaintiffs' claims involve questions of fact the Court cannot resolve on a motion to dismiss. For instance, the parties

dispute whether the November 2018 correspondence was an "adequate disclosure of the claims" as required for the one-year statute of limitations to be triggered. *See Spencer v. City of Hendersonville*, 487 F. Supp. 3d 661, 678 (M.D. Tenn. 2020), *aff'd sub nom. Spencer v. City of Henersonville, TN*, No. 20-6168, 2021 WL 8016828 (6th Cir. Oct. 8, 2021) ("It also bears mentioning that a motion to dismiss is 'generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations.'") (quoting *Jodway v. Orlans, PC*, 759 F. App'x 374, 379 (6th Cir. 2018)); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (Dismissal of a claim under Rule 12(b)(6) on grounds that it is barred by a limitations period is warranted only if "the allegations in the complaint affirmatively show that the claim is time-barred."). At this stage, there are plausible allegations to support applying the five-year statute of limitations to Plaintiffs' breach of fiduciary duty claim against PNC. Thus, the allegations on the face of the complaint do not show that Plaintiffs' claim is barred by the applicable statute of limitations. *G.G. Marck and Associates, Inc.*, 762 F. App'x at 307. These issues will ultimately be resolved on summary judgment or at trial.

Furthermore, even if the one-year statute of limitations both applied and passed, the Court would consider whether equitable tolling, as analyzed in its previous order with respect to the claim against Marcum, also applies to Plaintiffs' claims against PNC. The Court's earlier analysis concluded that the factual allegations plausibly suggest that the sibling relationship between Plaintiffs and Defendant C. Robert Marcum ("Marcum"), and more specifically Marcum's abuse of that relationship through concealment of the cause of action, equitably tolled the statute of limitations of the aiding and abetting breach of fiduciary duty claim. [DE 16 at 1163-64]; *Osborn v. Griffin*, 865 F.3d 417, 437–440 (6th Cir. 2017); *see also Hernandez v. Daniel*, 471 S.W.2d 25, 26 (Ky. 1971) ("When a confidential relationship exists between the parties, however, the statute

5

does not begin to run until actual discovery of the fraud [or] mistake."); *and Sec. Tr. Co. v. Wilson*, 307 Ky. 152 (1948) ("Where a confidential relationship exists between the parties, failure to discover the facts constituting fraud may be excused."). Because Marcum's alleged concealment would have also concealed Plaintiffs' claims against PNC until their mother died in April 2016, the "close family relationship" between Plaintiffs and Marcum, there are sufficient factual allegations here to support plausible equitable tolling of this cause of action for purposes of a motion to dismiss as well.[1] *See Osborn*, 865 F.3d at 439–440 (equitably tolling the cause of action where "Plaintiffs and Defendants were in a close family relationship that would have made it difficult for Plaintiffs to question their brothers' integrity or demand a detailed accounting of the brothers' business activities. . . Kentucky law places persons and entities that aid or abet a tort in the same position as the primary tortfeasor."). So again, the allegations on the face of the Complaint therefore do not show that the claim is time-barred. *G.G. Marck & Assocs., Inc.*, 762 F. App'x at 307. Whether equitable tolling would ultimately be applicable and satisfied is a question for summary judgment or trial.

Finally, PNC requests oral argument on their motion under LR 7.1(f), which provides that a "party may request a hearing or oral argument in a motion." [DE 21 at 1186]. PNC does not elaborate further. The legal issues are clear, and oral argument would not assist the Court, so the Court **DENIES** the request for oral argument. *See e.g.*, *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 159 (6th Cir. 1983); *and Yamaha Corp. of Am. v. Stonecipher's*

---

[1] This close family relationship distinguishes this case from *Middleton*, where the Court declined to extend the discovery rule to breach of trust claims generally. *Middleton v. Sampey*, 522 S.W.3d 875, 879 (Ky. Ct. App. 2017) ("KRS 413.120 does not specifically extend the discovery rule to breach of trust claims. As a result, we decline to apply 'the discovery rule without statutory authority to do so.'"); *cf. Osborn*, 865 F.3d at 439–440.

6

*Baldwin Pianos & Organs, Inc.*, 975 F.2d 300, 301 (6th Cir. 1992) ("Many times the legal issues are abundantly clear and so firmly settled as to make oral argument completely unnecessary").

## IV. CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) PNC's Motion to Reconsider [DE 21] is **DENIED**;

(2) The court **AMENDS** Section III.i of its prior ruling on PNC's motion to dismiss [DE 16 at 1160] in accordance with this Order;

(3) PNC's motion for Oral Argument is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

January 9, 2023

Cc: Counsel of record

7